## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| MELVILLE CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 3:11-00888 |
| v. | ) | |
| | ) | JURY DEMANDED |
| TENNESSEE COMMERCE BANK, | ) | |
| LANDMARK CONSULTING, LLC, and | ) | |
| JAMES D. WEST, individually | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY AND STAY PROCEEDINGS

Plaintiff Melville Capital, LLC, ("Melville") submits its response in opposition to the Motion to Disqualify and Stay Proceedings ("Motion to Disqualify") filed by Defendant Tennessee Commerce Bank ("TCB"), respectfully stating as follows:

### I. **INTRODUCTION**

The party seeking disqualification of counsel bears the heavy burden of proving that disqualification is necessary. Relying on Tennessee Rule of Professional Conduct 1.7, and in what appears to be an effort to use a motion to disqualify to attempt to obtain an unfair tactical advantage over Melville, TCB has moved to disqualify Melville's counsel of choice, Adams and Reese LLP ("Adams and Reese"), as counsel for Melville, asserting that Adams and Reese remains local counsel for TCB in a Chapter 13 bankruptcy in Louisiana (the "Gourdon Bankruptcy").

For a number of reasons, TCB's Motion to Disqualify is without merit, and should be denied.

Contrary to TCB's assertions, TCB is not a current client of Adams and Reese, but a former client. Adams and Reese represented TCB in a Chapter 13 bankruptcy matter, the Gourdon Bankruptcy, and the Gourdon Bankruptcy representation concluded in November 2010. Moreover, as TCB appears to acknowledge in its Motion to Disqualify, that prior representation is totally unrelated – and certainly not "substantially related" as it would have to be to give rise to a conflict of interest – to this action.

Further, even if TCB were a current client of Adams and Reese's – and it is not – TCB's Motion to Disqualify would be without merit, because TCB signed a conflict waiver consenting to Adams and Reese's representation of other clients adverse to it, including Adams and Reese's representation of Melville in this action.

On this basis, TCB has not carried and cannot carry its heavy burden of proof of showing that any conflict of interest exists in Adams and Reese's representation or that it is necessary to disqualify Adams and Reese as counsel for Melville. Accordingly, TCB's Motion to Disqualify should be denied.

## II.  FACTUAL BACKGROUND

In March of 2008, after being approached by TCB's counsel Burr Forman, Adams and Reese agreed to serve as local counsel for TCB in a Chapter 13 bankruptcy matter pending in the Western District of Louisiana, *In Re Gourdon*, No. 08-80049 (the "Gourdon Bankruptcy").  (*See* Declaration of Patricia B. McMurray ("McMurray Declaration") ¶¶ 2-3).

2

Under the terms of the engagement letter between TCB and Adams and Reese ("Engagement Letter"), the scope of Adams and Reese's representation of TCB was to provide local counsel assistance in connection with the filing of pleadings in the Gourdon Bankruptcy. (*See* **Exhibit 1**, Engagement Letter, paragraph (a); *see also* McMurray Declaration ¶ 5).

Additionally, under the terms of the Engagement Letter, TCB agreed not to object to Adams and Reese undertaking to represent clients in other future matters not substantially related to Adams and Reese's work for TCB in the Gourdon Bankruptcy, even if the interests of Adams and Reese's clients in those matters were adverse to TCB. (*See* **Exhibit 1**, Engagement Letter, paragraph (g); *see also* McMurray Declaration ¶ 6).

TCB was a creditor of the debtors in the Gourdon Bankruptcy. (McMurray Declaration ¶ 7).

Eventually, a plan was agreed to between all interested parties to the Gourdon Bankruptcy, and an Original Order Confirming the Chapter 13 Plan was entered on June 19, 2008. (*See* D.E. No. 18-1, *Exhibit A* to Motion to Disqualify-Gourdon Bankruptcy Docket Sheet, Entry No. 55).

Under the terms of the Plan, the debtor was to make monthly payments to TCB by remitting the payments to the Chapter 13 Trustee assigned to the Gourdon Bankruptcy. (*See* D.E. No. 18-1, *Exhibit A* to Motion to Disqualify-Gourdon Bankruptcy Docket Sheet, Entry No. 55).

In July 2010, the Chapter 13 Trustee filed an Ex Parte Motion to Dismiss the Case for Failure to Make Plan Payments, which was granted by the Court on July 27, 2010.

(*See* D.E. No. 18-1, *Exhibit A* to Motion to Disqualify-Gourdon Bankruptcy Docket Sheet, Entry No. 83).

On August 4, 2010, the Debtor filed a Motion to Reinstate Case, which was granted by Agreed Order on September 9, 2010. (*See* D.E. No. 18-1, *Exhibit A* to Motion to Disqualify-Gourdon Bankruptcy Docket Sheet, Entry Nos. 85 & 92).

Under the terms of the Agreed Order, the Gourdon Bankruptcy was reinstated subject to the condition that, should the debtor fall more than thirty (30) days behind on payments to the Chapter 13 Trustee, the case may be dismissed on an ex parte motion of the Chapter 13 Trustee. The Agreed Order further provides that, in the event the Gourdon Bankruptcy is once again dismissed for payment reasons, the debtors are prohibited from reinstating the case again. (*See* Agreed Order for Reinstatement, attached hereto as *Exhibit 2*).

After their reinstatement motion was granted, the debtors filed a Motion to Amend the Chapter 13 Plan After Confirmation, which was granted, and an order approving the modification of the confirmed Plan was entered on November 1, 2010. (*See* Order Confirming Chapter 13 Plan, attached hereto as *Exhibit 3*).

The last action taken by Adams and Reese on behalf of TCB in the Gourdon Bankruptcy matter was to send Burr Forman, lead counsel for TCB in the Gourdon Bankruptcy, a copy of the Order Approving the Modification of the Confirmed Plan, which was done on or about November 1, 2010. (McMurray Declaration ¶ 8). Since that time, Adams and Reese has not done any work for TCB on the Gourdon

4

Bankruptcy, nor has it recorded or billed any time for work on the Gourdon Bankruptcy. (McMurray Declaration, ¶ 9).

During the course of its representation of TCB, Adams and Reese communicated only with Burr Forman, TCB's lead counsel in the Gourdon Bankruptcy, and did not have any direct communications with its client, TCB. (McMurray Declaration ¶ 10).

TCB never directly consulted, spoke with, sought advice from, nor shared any confidential information regarding TCB relative to the Gourdon Bankruptcy, or any other matter, with Adams and Reese. (McMurray Declaration ¶ 11).

Additionally, Burr Forman never shared any confidential information regarding TCB relative to the Gourdon Bankruptcy, or any other matter, with Adams and Reese, that has any bearing on, or that could be used to its disadvantage by Adams and Reese in the instant matter. (McMurray Declaration ¶ 12).

All substantive pleadings and motions in the Gourdon Bankruptcy were prepared were prepared by Burr Forman, lead counsel for TCB. (McMurray Declaration ¶ 13).

Adams and Reese has not had any communications with TCB, or with Burr Forman as lead counsel in the Gourdon Bankruptcy, regarding any substantive issue related to the Gourdon Bankruptcy since on or about November 1, 2010. (McMurray Declaration ¶ 14).

Adams and Reese has not taken any action in the Gourdon Bankruptcy on behalf of TCB since well before November 1, 2010. (McMurray Declaration ¶ 15).

5

All payments made by the debtor under the Chapter 13 Plan in the Gourdon Bankruptcy are made by the debtor directly to the Chapter 13 Trustee. (McMurray Declaration ¶ 16; *see also* **Exhibit 2** – Order Confirming Chapter 13 Plan).

Adams and Reese has not represented TCB in any other capacity or in any other matters since concluding its local counsel representation of TCB in the Gourdon Bankruptcy. (McMurray Declaration ¶ 17).

TCB was represented in the Gourdon Bankruptcy by attorneys in Adams and Reese's Baton Rouge, Louisiana, office. In this action, Melville is represented by lawyers from Adams and Reese's Memphis and Nashville offices, none of whom performed any work on the Gourdon Bankruptcy. (McMurray Declaration ¶ 18).

Finally, the allegations in this action are wholly unrelated to and bear no relationship to the facts and circumstances of the Gourdon Bankruptcy. (McMurray Declaration ¶ 19).

### III. <u>LAW AND ARGUMENT</u>

**I.** <u>**TCB Has Not and Cannot Carry its Heavy Burden of Proving that the Drastic Remedy of Disqualification is Necessary.**</u>

The party seeking disqualification of counsel bears the heavy burden of proving that disqualification is necessary. *Eon Streams, Inc. v. Clear Channel Communications, Inc.*, 2007 U.S. Dist. LEXIS 23950, *7 (E.D. Tenn. Mar. 27, 2007).[1] Motions to disqualify counsel are viewed with disfavor, and are subjected to a high standard of proof in large part because they can be misused – as appears to be the case here – as a litigation tactic

---

[1]     A copy of each unreported case cited herein is attached hereto as part of collective **Exhibit 4**.

or as a technique of harassment. *See Evans v. Artek Systems Corp.*, 715 F.2d 788, 791-92 (2nd Cir. 1983) (noting "high standard of proof" for disqualification motions because they are "often interposed for tactical reasons"); *see also Pioneer-Standard Electronics, Inc. v. Cap Gemini America, Inc.*, 2002 U.S. Dist. LEXIS 7120, *5 (N.D. Ohio Mar. 11, 2002).

Even when brought in good faith, a motion to disqualify can delay litigation, impose additional expense, and interfere with the attorney-client relationship. *Ello v. Singh*, 2006 U.S. Dist. LEXIS 55542 (S.D.N.Y. Aug. 7, 2006). Therefore, a court does not possess unfettered discretion to disqualify counsel, and the extreme sanction of disqualification is a drastic measure that should only be imposed when absolutely necessary, and where the public interest outweighs the competing interest of allowing a party to retain counsel of its choice. *See SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F. Supp. 2d 863 (S.D. Ohio 2002) (quoting *Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir. 1976)).

As was noted by the Sixth Circuit, the reality of the changing nature of legal practice must be at the core of the balancing of interests necessarily undertaken when courts consider motions for disqualification of counsel. *See Bartech Industries, Inc. v. International Baking Co., Inc.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996). Additionally, in ruling on a motion to disqualify, the court must satisfy itself that an adequate evidentiary record is developed, and should not rely on unsworn statements in briefs or colloquy of counsel. *SST Castings, Inc.*, 250 F. Supp. 2d at 865.

Here, TCB has failed to set forth sufficient proof to carry its heavy burden of showing that disqualification of Adams and Reese as counsel for Melville in the instant matter is necessary. Accordingly, TCB's Motion to Disqualify should be denied.

## II. The Tennessee Rules of Professional Conduct Do Not Preclude Adams and Reese's Representation of Melville in this Matter.

TCB's Motion to Disqualify rests solely on its argument that Adams and Reese's representation of Melville in this action violates Tennessee Rule of Professional Conduct 1.7 ("RPC 1.7") because Adams and Reese purportedly currently remains local counsel to Burr Forman for TCB in the Gourdon Bankruptcy and thus is adverse to a current client in this action. (*See* D.E. No. 18-Motion to Disqualify, p. 2).

In short, Adams and Reese's representation of Melville does not violate RPC 1.7, and TCB's Motion to Disqualify should be denied.

### A. TCB is not a Current Client of Adams and Reese.

In determining whether an attorney-client relationship exists, the focus of the court's inquiry should be centered upon whether the putative client has a subjective belief that an attorney-client relationship exists. *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978). However, that belief must be a reasonable one, based on the facts and circumstances. *Id.*

Here, TCB's proof in support of its assertion that Adams and Reese remains local counsel for TCB in the Gourdon Bankruptcy consists of: (1) the unsupported and unverified statements of TCB's counsel contained in TCB's Motion to Disqualify; and (2) three exhibits attached thereto: (a) a copy of the docket sheet from the Gourdon

8

Bankruptcy showing that Adams and Reese was, at one time, counsel for TCB in the matter, but also showing that the last action taken in the matter occurred on November 3, 2010; (b) a copy of a Request for Notices dated March 12, 2008, that was filed by Burr Forman and Adams and Reese in the Gourdon Bankruptcy; and (c) a May 22, 2008, Consent Order Resolving TCB's Motion for Relief from the Automatic Stay that lists Adams and Reese as local counsel for TCB. (*See* D.E. No, 18-TCB's Motion to Disqualify, *generally*, and *Exhibits A-C* thereto).

However, TCB's "proof" supporting its present Motion to Disqualify does not even attempt to address whether TCB currently holds a reasonable belief that Adams and Reese is currently its counsel in the Gourdon Bankruptcy. Moreover, and notwithstanding TCB's role as a party in this litigation, and Burr Forman's role as its present counsel, no affidavit or other proof from either Adams and Reese's alleged current client in the Gourdon Bankruptcy or its alleged current lead counsel in that matter has been offered. This curious absence of available proof has now been met by Adams and Reese's explanation of the limited and now-concluded role that it played as TCB's counsel in the Gourdon Bankruptcy. (McMurray Declaration ¶¶ 1-22).

As established by proof submitted by Adams and Reese, Adams and Reese's representation of TCB in the Gourdon Bankruptcy concluded almost a year prior to its undertaking to represent of Melville in the current matter. (McMurray Declaration ¶¶ 8, 9, 14-16). As shown on the Gourdon Bankruptcy docket, the last action taken by the court in the matter was the court's November 1, 2010, entry of the Order Confirming [Amended] Chapter 13 Plan. (*See* D.E. No. 18-1, *Exhibit A* to Motion to Dismiss). The

Case 3:11-cv-00888   Document 22   Filed 11/28/11   Page 9 of 21 PageID #: 230

last action taken on behalf of TCB by Adams and Reese in the Gourdon Bankruptcy was to send Burr Forman a copy of the Order Confirming Chapter 13 Plan sometime in the first week of November 2010. (McMurray Declaration ¶ 8). Since that time, Adams and Reese has not done any work for TCB on the Gourdon Bankruptcy, nor has it recorded or billed any time for work on the Gourdon Bankruptcy. (McMurray Declaration, ¶ 9).

Additionally, TCB's assertion that the Gourdon Bankruptcy remains an active bankruptcy that **<u>could</u>** theoretically require Adams and Reese to take action to protect TCB's interest is not only incorrect and misleading, but falls far short of establishing that TCB reasonably believed that Adams and Reese is its current counsel.

TCB spends almost three pages advancing unsupported factual allegations and legal conclusions relative to a Chapter 13 proceeding in an attempt to make the Gourdon Bankruptcy appear to be an ongoing, complicated matter that again could require additional action at any moment by Adams and Reese on behalf of TCB. (*See* D.E. No. 18- Motion to Disqualify, pp. 4-6).

TCB's arguments are belied by, among other things, the fact that the debtors in the Gourdon Bankruptcy are four years into a five-year plan, which – as impliedly admitted by TCB in its Motion to Disqualify - renders the Gourdon Bankruptcy substantially concluded and essentially dormant, but for the debtors' payments to the Chapter 13 Trustee each month, and the Chapter 13 Trustee's distribution of the proceeds to creditors. (*See* D.E. No. 18-TCB's Motion to Disqualify, p. 6).

More importantly, however, and as should be known to TCB, under the express terms of the Agreed Order of Reinstatement, in the event the Gourdon Bankruptcy is

once again dismissed for payment reasons, the debtors are prohibited from reinstating the case again. (*See Exhibit 2-*Agreed Order for Reinstatement). Because the Gourdon Bankruptcy will be dismissed and will not be reinstated in the event the debtors fail to make the remaining payments under the amended Confirmed Chapter 13 Plan, any action to enforce TCB's interest in secured collateral would not take place not in the Louisiana Bankruptcy Court. Instead, any such action would be required to be filed in a civil court of competent jurisdiction as a wholly new and unrelated matter. Indeed, it is beyond question that any action taken on behalf of TCB outside the Gordon Bankruptcy would be well beyond the scope of the local counsel representation contemplated by the terms of the Engagement Letter between TCB and Adams and Reese, and as such, would constitute a new and separate matter, wholly distinct from the Gourdon Bankruptcy. (*See Exhibit 1-*Engagement Letter, paragraph (a)).

Accordingly, the argument that Adams and Reese remains current local counsel because it theoretically could be required to take future action in the Gourdon Bankruptcy, if the case is dismissed again, is without merit.

Likewise, TCB's argument that that, in the event the automatic stay is lifted Adams and Reese could be required to file an affidavit supporting TCB's claim that the debtors failed to comply with the Consent Order [relative to payments] is also without merit. (*See* D.E. No. 18- Motion to Disqualify, p. 6). Because all payments made under the Amended Confirmation Order are being made through the Chapter 13 Trustee, notice and proof regarding failure to make payments in the Gourdon Bankruptcy as required under the amended Confirmed Chapter 13 Plan would come from the Chapter

13 Trustee, not from Adams and Reese.  (*See **Exhibit 3**-*Order Confirming Chapter 13 Plan).

Finally, TCB's allegation that the Gourdon Bankruptcy remains an active, heavily litigated case is belied by *Exhibit A* to TCB's Motion to Disqualify, the docket sheet in the Gourdon Bankruptcy.   Contrary to TCB's assertions, *Exhibit A* confirms that the case has been inactive and the docket dormant for over a year, but for the debtor's payments to the Chapter 13 Trustee and its distribution of the same to creditors.  (*See* D.E. # 18-1, *Exhibit A*- Gourdon Bankruptcy Docket Sheet).

In sum, TCB's allegations that Adams and Reese remains current counsel to TCB are not well founded, lack legal and factual support, and are contradicted by the evidence in this matter.

Accordingly, TCB has failed to carry its burden of proof of showing that it is necessary to disqualify Adams and Reese, and TCB's Motion to Disqualify should be denied.

B.     **Even if Adams and Reese Remains Local Counsel for TCB in the Gourdon Bankruptcy, Disqualification of Adams and Reese is Not Necessary.**

Assuming, *arguendo*, that Adams and Reese remains current local counsel to TCB in the Gourdon Bankruptcy - it does not - it is still not necessary to disqualify Adams and Reese as counsel for Melville in this action.

### (1) TCB Gave Its Written Consent for Adams and Reese to Represent Melville.

TCB's argument rests solely on its assertion that RPC 1.7 prevents Adams and Reese's representation of Melville because TCB is a current client of Adams and Reese and Adams and Reese failed to get a written waiver from TCB before it undertook to represent Melville. In fact, TCB did consent to such future representations by Adams and Reese in its engagement letter with Adams and Reese.

RPC 1.7 relates to concurrent representation, and provides that, notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:

(1)     the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client,

(2)     the representation is not prohibited by law;

(3)     the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4)     each affected client gives informed consent, confirmed in writing.

*See* RPC 1.7(b).

Here, TCB does not allege that Adams and Reese cannot provide competent and diligent representation to both TCB and Melville, that Adams and Reese' representation of Melville is prohibited by law, or that Adams and Reese's representation of Melville involves the assertion of a claim by Melville against TCB in the same litigation or other proceeding before a tribunal. Thus, TCB impliedly concedes that Adams and Reese's purported concurrent representation of Melville and TCB meets at least the first three exceptions set forth in RPC 1.7.

Rather, TCB argues that disqualification is necessary solely because it did not consent in writing to Adams and Reese's concurrent representation of TCB. This is simply incorrect.

Notably, paragraph (g) of the Engagement Letter between Adams and Reese and TCB directly contradicts TCB's assertions that it did not consent in writing to Adams and Reese's representation of Melville in the instant matter. Under the express terms of paragraph (g), entitled "Conflicts," TCB explicitly gave its prospective consent to Adams and Reese undertaking conflicting representation in the future, and TCB acknowledged and confirmed that it did not object to Adams and Reese undertaking to represent clients in other matters that are not substantially related to Adams and Reese's work for TCB, even if the interests of such clients in those other matters was adverse to TCB. (*See Exhibit 1*, Engagement Letter, paragraph (g)). [2] Thus, TCB unquestionably gave its written consent to Adams and Reese's representation of Melville in the instant matter.

To the extent TCB would now attempt to argue that its prospective waiver is not valid, Comment [22] to RPC 1.7 makes clear that prospective conflicts waivers can be

---

[2]      Paragraph (g) of the Engagement Letter reads as follows: "<u>Conflicts</u>. You are aware that our Firm represents many other companies and individuals. We confirm that you do not object to our undertaking to represent clients in other matters that are not substantially related to our work for Tennessee Commerce Bank, even if the interest of such clients in those other matters are averse to Tennessee Commerce Bank. We agree, however, that this prospective consent to conflicting representation shall not apply in any instance where as the result of our representation of Tennessee Commerce Bank we may have obtained sensitive, proprietary or otherwise confidential information that, if known to any such other client of ours, could be used to the disadvantage of Tennessee Commerce Bank. Also, consistent with our agreement that Tennessee Commerce Bank and not any of its affiliated corporations will be our client in this matter, we confirm that we will not consider any of those affiliated corporations as a client for purposes of checking future conflicts. At not time during the course of our Firm representing Tennessee Commerce Bank in this transaction, will we proceed with any legal action against Tennessee Commerce Bank's Agency and Trust Division without your written consent."

valid and binding, especially in circumstances where the waiving client is an experienced user of legal services, is reasonably informed regarding the risk that a conflict may arise, is independently represented by other counsel in giving consent, and the consent is limited to future conflicts unrelated to the subject of the representation. Tenn. Sup. Ct. R. 1.7 Cmt. [22].[3]

Here, TCB is a sophisticated banking corporation that was also independently represented by Burr Forman in the Gourdon Bankruptcy. In fact, Adams and Reese was contacted by Burr Forman to serve as local counsel on behalf of TCB, and the Engagement Letter was sent to TCB care of Burr Forman. Presumably, Burr Forman discussed the terms of the Engagement Letter with TCB, and advised TCB concerning its terms, including the prospective conflict waiver in paragraph (g), prior to TCB's execution thereof. Comment [22] to RPC 1.7 clearly asserts that Tennessee law favors the enforceability of a prospective waiver of a conflict of interest where the client providing it is advised by independent counsel, as TCB would have been here.

---

[3]    Tenn. S. Ct. R. 1.7 Cmt. [22]  provides as follows: "Consent to Future Conflict.  Whether a lawyer may property request a client to waive conflicts that might arise in the future is also governed by paragraph (b) [of RPC 1.7].  The effectiveness of such waivers is generally determined by the extent tot which the client reasonably understands the material risks that the waiver entails.  The more comprehensive the explanation provided to the client of the types of future representations that might arise and the actual and reasonably foreseeable adverse consequences of those representations, the greater the likelihood that the client will have the requisite understanding. Thus, if the client agrees to consent to a particular type of conflict with which the client is already familiar, then the consent ordinarily will be effective with regard to that type of conflict.  If the consent is general and open-ended, then the consent ordinarily will be ineffective, because it is not reasonably likely that the client will have understood the material risks involved.  Nevertheless, if the client is an experienced user of the legal services involved and is reasonably informed regarding the risk that a conflict may arise, such consent to a future conflict is more likely to be effective, particularly if, e.g., the client is independently represented by other counsel in giving consent and the consent is limited to future conflicts unrelated to the subject of the representation  In any case, advance consent cannot be effective if the circumstances that materialize in the future are such as would make the conflict nonconsentable under paragraph (b)."

15

Given the fact that TCB gave its prospective, informed, written waiver of conflicts, even if TCB were a current client of Adams and Reese - it is not - Adams and Reese was not required to obtain TCB's written consent a second time concerning its representation of Melville in this matter prior to filing suit against TCB, and Adams and Reese's representation of Melville in this matter does not violate RPC 1.7.

Accordingly, disqualification of Adams and Reese is not warranted, much less necessary, and TCB's Motion to Disqualify should be denied.

### (2) *Even If Adams and Reese Were TCB's Current Counsel and TCB's Prospective Waiver Were Somehow Invalid, Adams and Reese Should Not Be Disqualified.*

Even if Adams and Reese were found to be current counsel for TCB in the Gourdon Bankruptcy, and TCB's prospective waiver were found by this Court to be invalid for some reason, disqualification of Adams and Reese as counsel for Melville would still not be necessary. This is because Adams and Reese can represent both TCB and Melville with equal vigor, without conflict of loyalties, and without using confidential information to the detriment of either client.

When an attorney undertakes concurrent representation without a waiver, if the attorney can show that there will be no actual or apparent conflict in loyalties, or diminution in the vigor of his representation, then disqualification is not necessary. *Pioneer-Standard Electronics., Inc. v. Cap Gemini America, Inc.*, 2002 U.S. Dist. LEXIS 7120, *8 (N.D. Ohio, Mar. 11, 2002). Notably, several courts in this and other circuits, have found that under circumstances virtually identical to those alleged by TCB in the instant motion, disqualification was not necessary. *See Pioneer-Standard Electronics., Inc.*, 2002

16

U.S. Dist. LEXIS 7120 at *12 - *14, (denying motion to disqualify and holding that although Pioneer clearly was a current client of law firm ("S&S"), and S&S' concurrent representation of Cap Gemini did not constitute a violation of the professional rules of conduct because there was no reason to believe that S&S could not pursue both the interests of both Cap Gemini and Pioneer in the matter with equal vigor and without using confidential information to the detriment of either client, and that there was no evidence to suggest that S&S gained any information about Pioneer that could be used against Pioneer in S&S' defense of Cap Gemini). *See also SST Casting, Inc. v. Amana Appliances, Inc.*, 250 F. Supp. 2d 863 (S.D. Ohio Oct. 18, 2002) (denying motion to disqualify after finding that even though law firm concurrently represented both SST Castings and Amana, law firm could represent both SST Castings and Amana with equal vigor, without conflict of loyalties, and without using confidential information); *Elonex I.P. Holdings, Ltd. V. Apple Computer, Inc.*, 142 F. Supp. 2d 579 (D. Del. 2001) (denying motion to disqualify on basis that matters in which the law firm represented Elonex and Apple were unrelated, posed no likelihood of passing confidential information between Elonex and Apple, and that as such, the law firm could reasonably serve both clients' interests).

Based on the undisputed proof in this matter, and in accordance with the holdings in *Pioneer, SST*, and *Elonex*, it is clear that even if TCB were a current client of Adams and Reese, Adams and Reese disqualification is still not necessary, as Adams and Reese could represent the interests of TCB in the Gourdon Bankruptcy and Melville

in the instant matter, with equal vigor, without conflict of loyalties, and without using confidential information to the detriment of ether client.

Accordingly, TCB has failed to carry its burden of showing that disqualification of Adams and Reese is necessary, and TCB's Motion to Disqualify should be denied.

## III. This Court Should Not Stay Proceedings Pending Disposition of TCB's Motion to Disqualify.

In addition to its request that this Court disqualify Adams and Reese, TCB makes a further argument that the case should be stayed pending resolution of the Motion to Disqualify. TCB's request is without merit and should be denied.

When considering a motion to stay, a court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay. *Esperson v. Trugreen Ltd. P'ship*, No. 10-2130-STA, 2010 U.S. Dist. LEXIS 64637, *5 (W.D. Tenn. June 29, 2010) (denying stay because movant failed to satisfy burden satisfying factors and showing that stay warranted) (citing *In Re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982). A stay is not a matter of right, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Id.* at *11.

Here, as with its Motion to Disqualify, TCB has not met that burden.

First, TCB fails to offer any proof in support of its blanket assertion that it will be harmed by "having to litigate against its own counsel." For example, TCB has offered no proof that Adams and Reese somehow has possession of confidential information

18

concerning TCB that might be improperly used to Melville's advantage in this litigation – nor could it conceivably make any such suggestion given the lack of any relationship between the two matters. The undisputed proof in this case, as well as the applicable case law, show not only that Adams and Reese is not TCB's current counsel, but also that, even if it was, Adams and Reese could concurrently represent both parties with equal vigor, without conflict of loyalties, and without using confidential information to the detriment of either client. Thus, regardless of whether Adams and Reese currently represents TCB, TCB will not be harmed in having to litigate against Adams and Reese, and this factor does not weigh in favor of a stay.

Second, Melville is certainly in the best position to ascertain whether it will be prejudiced by having to change counsel mid-stream, in the unlikely event that TCB's Motion to Disqualify is granted. Since it has elected to oppose TCB's request for a stay pending the outcome of the Motion to Disqualify, Melville clearly does not believe it will be prejudiced in the event Adams and Reese is disqualified, and the potential, imagined prejudice to Melville proffered by TCB does not provide a sufficient basis for a stay of proceedings. To the contrary, Melville will be prejudiced if TCB's request for a stay is granted, given that many of the facts and circumstances will be proved by means of information obtained through discovery, including electronic discovery, both from TCB and its counsel. As this Court is likely well aware, electronic information can be easily lost, erased or overwritten, and therefore, each day that Melville is delayed from proceeding with discovery by a stay is a day that Melville suffers a potential inability to gain access to relevant, discoverable information regarding its claims. Unquestionably,

the loss or destruction of discoverable electronic information in the wake of a stay would prejudice Melville, and as such, this factor does not weigh in favor of granting the stay.

Lastly, TCB does not address the third factor of whether judicial resources will be saved by virtue of a stay. Doubtless, TCB and its counsel recognize that resolution of the Motion to Disqualify will not dispose of Melville's claims, and that, regardless of whether Adams and Reese is disqualified, Melville will continue to pursue its claims against TCB. Under these circumstances, any activity that takes place, such as discovery, will undoubtedly be useful even in the event Adams and Reese is disqualified, and there is no reason whatsoever to suppose that any such progress in this litigation could be later found improper or tainted by Adams and Reese's involvement. Therefore, judicial resources are not likely to be wasted if the stay is not granted, and as with the first two factors, this factor does not weigh in favor of a stay.

In sum, TCB has not carried its burden of showing that a stay is justified. Instead, TCB's motion for a stay amounts to nothing more than a tactical request that this Court delay the inevitable progression of these proceedings for the sole benefit of TCB, and to the detriment of Melville, pending outcome of its meritless Motion to Disqualify. Such is not a sufficient basis to grant a stay, and accordingly, TCB's request for a stay of proceedings pending ruling on its Motion to Disqualify should be denied

## IV. CONCLUSION

As demonstrated above, TCB has failed to carry its burden of showing that disqualification of Adams and Reese is necessary or that a stay is warranted pending

resolution of its Motion to Disqualify. Accordingly, TCB's Motion to Disqualify and Stay Proceedings should be denied.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: s/ Emily C. Taube
       Emily C. Taube (Tn Bar No. 019323)
       Lucian T. Pera (Tn Bar No. 11641)
       Jeffrey C. Smith (Tn Bar. No. 16295)
       Adams and Reese LLP
       80 Monroe Avenue, Suite 700
       Memphis, Tennessee 38103
       Telephone: (901) 525-3234
       Facsimile: (901) 524-5385
       Emily.Taube@arlaw.com
       Jeffrey.Smith@arlaw.com

       Charles W. Cook III (Tn Bar No. 14274)
       424 Church Street, Suite 2800
       Nashville, Tennessee 37219
       Telephone: (615) 259-1450
       Facsimile: (615) 259-1470
       charlie.cook@arlaw.com

       *Attorneys for*
       *Plaintiff Melville Capital, LLC*

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Response in Opposition to Motion to Disqualify and Stay Proceedings was filed with this Court via the Court's electronic filing system, and thus should be sent by virtue of the same to Thomas K. Potter, III, Esq., BURR FORMAN, counsel for Defendant Tennessee Commerce Bank, 3102 West End Avenue, Suite 700, Nashville, TN 37203, and to Colin J. Carnahan, MORRIS & CARNAHAN, PLC, counsel for James West and Landmark Consulting, LLC, 3301 West End Ave., Suite 300, Nashville, TN 37203, this the 28th day of November, 2011.

       s/ Emily C. Taube