UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELVILLE CAPITAL, LLC, | ) |
| Plaintiff, | ) Case No. 3:11-cv-00888 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Griffin |
| TENNESSEE COMMERCE BANK, | ) |
| LANDMARK CONSULTING, LLC, and | ) |
| JAMES D. WEST, individually, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant Tennessee Commerce Bank's Motion to Disqualify and Stay Proceedings, with Incorporated Memorandum of Law ("Motion"). (Doc No. 18.) Defendant seeks disqualification of Plaintiff Melville Capital, LLC's Counsel, Adams and Reese, LLP ("Adams and Reese"), on the grounds that Adams and Reese concurrently represents Defendant in a bankruptcy matter in the Western District of Louisiana. (Doc. No. 18 at 1-2.) Defendant's Motion also contains a request that the Court enter a temporary stay in this case pending resolution of the Motion. (*Id.* at 7.) Plaintiff has filed a Response in Opposition to Defendant's Motion. (Doc. No. 22.) Plaintiff presents an alternative view as to Adams and Reese's representation of Defendant in the bankruptcy matter, and argues that Defendant has failed to meet "the heavy burden of proving that disqualification is necessary." (*Id.* at 1.) Plaintiff asserts that Defendant's request for a stay should be denied because Defendant has failed to meet its burden as to that request as well. (*Id.* at 18-20.) The Court hereby reserves judgment as to Defendant's disqualification request pending a hearing and **DENIES** Defendant's request for a stay.

1

The power of a court to stay proceedings is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Esperson v. Trugreen Ltd. P'ship*, No. 10-2130-STA, 2010 U.S. Dist. LEXIS 64637, at *4 (W.D. Tenn. June 29, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court should consider three factors when considering a motion to stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by the stay." *Id.* at *5. The party requesting the stay has the "'burden of showing that the circumstances justify an exercise of [the court's] discretion.'" *Id.* at *11 (quoting *Ind. State Police Pension Trust v. Chrysler, LLC*, 129 S. Ct. 2275, 2276 (2009) (per curiam)).

Defendant presents little by way of argument as to why a stay is warranted in this case. Defendant asserts that it "will suffer irreparable harm in having to litigate against its own counsel" should the case proceed; that Plaintiff "will be prejudiced if the case proceeds and the [M]otion is later granted, by then having to change counsel in 'mid-stream;'" and that neither party will be prejudiced by a stay because "this case is at is very earliest stages" and Plaintiff "seeks only monetary damages." (Doc. No. 18 at 7.)

Plaintiff responds by providing comparably substantial analysis as to why Defendant has not met its burden on its request for a stay. Plaintiff first argues that Defendant has not offered any proof that it will be harmed by litigating against Adams and Reese while the disqualification issue is pending, such as evidence that the firm "somehow has possession of confidential information concerning" Defendant that Plaintiff might improperly use to its advantage. (Doc. No. 22 at 18-19.)

Secondly, Plaintiff argues that it, rather than Defendant, can best determine if it would be prejudiced by the need to hire new counsel should Adams and Reese be disqualified. (*Id.*) Plaintiff asserts that it does not believe it would be prejudiced should that occur, and argues that the real prejudice would occur if Defendant's request for a stay is granted. (*Id.*) Plaintiff contends that discoverable materials, particularly electronic information, are at risk of being lost or destroyed in the intervening period, which Plaintiff argues would be prejudicial. (*Id.* at 19-20.)

Lastly, in terms of judicial resources, Plaintiff argues that it will continue to pursue its claims against Defendant even if Adams and Reese is disqualified. Plaintiff argues that any discovery that takes place prior to the Court's ruling on Defendant's Motion would be useful to Plaintiff's new counsel in the event that Defendant's Motion is denied. (*Id.* at 20.) Plaintiff also asserts that "there is no reason whatsoever to suppose that any such progress in this litigation could be later found improper or tainted by Adams and Reese's involvement." (*Id.*) In sum, Plaintiff asserts that the Motion is "nothing more than a tactical request that this Court delay the inevitable progression of these proceedings for the sole benefit of [Defendant], and to the detriment of [Plaintiff.]" (*Id.*)

Much of the parties' arguments as to the stay are necessarily intertwined with the parties' arguments about disqualification, and the Court hesitates to discuss the substance of those arguments prior to its hearing on this matter. Nevertheless, the Court finds that Defendant has failed to demonstrate why a stay pending resolution of Defendant's Motion is necessary. Should the Court determine that Adams and Reese must be disqualified from representing Plaintiff in this case, Defendant will obtain its desired remedy at that point. In the meantime, Defendant has not shown specific reasons why it would be prejudiced by allowing the case to proceed as

scheduled. Accordingly, Defendant's Motion is **DENIED** insofar as Defendant seeks a temporary stay in the proceedings pending resolution of its Motion. The Court hereby **SCHEDULES** a hearing as to the disqualification issue for **December 12, 2011** at **10:30 AM**.

It is so ORDERED.

Entered this the ____2nd____ day of December, 2011.

 _____
 JOHN T. NIXON, SENIOR JUDGE
 UNITED STATES DISTRICT COURT